## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH ADAMO, CARL AIELLO and ROSANNA ROSI, ANDRENIKI BACKUS, Individually and on behalf of her minor children A.F.1 and A.F.2, ELIZABETH BARRY, MONIFAH BENTLEY, MONIQUE BENTLEY, JOSEPH BIELLO, JETHRO BLACK and DOROTHY BLACK, VERONICA BLACK, Individually and on behalf of her minor child, S.M., T'LAYA BURDEN, Individually and on behalf of her minor child L.G., AUDRETTA BLUE, GEORGETTA BOYKIN, CHARLES BROWN, LISA CHRITIAN, BRUCE COHEN and VIRGINIA HAYES, KERMIT MELENDEZ and NANCY COLAS, ROBERT COLE-SCHUPNER, CORY COMPTON, CHRISTOPHER COMPTON, CLYDE EDWARD COSTON, TINA COUGHLIN and WILLIAM COUGHLIN III, Individually and on behalf of their minor children C.C., K.C., D.C., and W.C., TINA COUGHLIN, RACHEL CRITELLI and FRANKLIN CRITELLI, MELISSA CUNNINGHAM, Individually and on behalf of her minor children S.B. and A.B., JOHN FRONTERA and NANCY FRONTERA, GIANNA FRONTERA, GIOVANNI FRONTERA, YVONNE GARRIQUES, MAYBELL GAY, TRACY GAYLE, MARK GORENSTEIN and ROSE GORENSTEIN, MICHAEL GORENSTEIN, DANTE DESANTIS and JENNIFER DESANTIS, DEVINE EARTH, Individually and on behalf of her minor children D.Y. and L.Y., DANAH EDWARDS, Individually and on behalf of her minor child K.F., JAMES FAISON, and ROBERT FARLOW,<br><br>    *Plaintiffs*,<br><br>-against-<br><br>THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, THE 3M COMPANY (f/k/a Minnesota Mining and Manufacturing, Co.), TYCO FIRE PRODUCTS, L.P., successor-in-interest to THE ANSUL COMPANY,<br><br>    *Defendants*. | Civil Action No. _____<br><br>**NOTICE OF REMOVAL**<br><br>**JURY TRIAL DEMANDED** |

1

Defendant Tyco Fire Products L.P. ("Tyco"), by its undersigned counsel, hereby gives notice of removal of this action, pursuant to 28 U.S.C. §§ 1332, 1367, 1441, 1446, and 1453, to the United States District Court for the Southern District of New York. As grounds for removal, Tyco states as follows:

## PRELIMINARY STATEMENT

1. This putative class action was filed on August 11, 2017 in New York Supreme Court, Orange County, bearing Index Number EF006358-2017. (*See* Ex. A, Summons and Complaint.) Plaintiffs generally claim:

   a. that Defendants Tyco and The 3M Company ("3M") manufactured and sold aqueous film-forming foams ("AFFF") that allegedly contained the chemicals PFOS and/or PFOA and were allegedly used at Stewart Air National Guard Base and Stewart International Airport (collectively, the "Airport") (*id.* ¶¶ 14-18, 338-343);

   b. that Defendant The Port Authority of New York and New Jersey ("Port Authority") leases, controls, and operates the Airport (*id.* ¶¶ 19-31, 344-346); and

   c. that storage and use of AFFF at the Airport allegedly caused Plaintiffs, their property, and their drinking water supply to be exposed to PFOS and/or PFOA (*id.* ¶¶ 6-11).

2. Plaintiffs assert claims sounding in negligence, private nuisance, failure to warn, strict product liability, and trespass. (*Id.* ¶¶ 380-473.) Plaintiffs seek compensatory damages for alleged personal injuries, diminution in property values, and costs of property remediation and repair. (*Id.* ¶¶ 41, 54-65, 367(a), 476.) In addition, Plaintiffs seek to impose a medical monitoring program, funded by Defendants, that would include, *inter alia*, (a) medical monitoring of individuals allegedly exposed to PFOS; (b) "a program that provides education and outreach on the existence and availability of services established under the medical monitoring program"; (c)

"further studies of the long-term effects of exposure"; (d) research into "possible cures for the detrimental effects of consuming PFOS"; (e) provision of information to Plaintiffs' treating physicians; and (f) "[a]iding in the early diagnosis and treatment of resulting injuries." (*Id.* ¶ 489; *see also id.* ¶¶ 66-80, 367(b), 477-497.) Plaintiffs also seek punitive damages. (*Id.* ¶¶ 498-501.)

3.  On August 24, 2017, Tyco was served with the initial Summons and Complaint. (*See* Ex. B.) On August 29, 2017, Plaintiffs and Defendants 3M and Tyco stipulated to an extension of the deadline to file their answer, move, or otherwise respond to the Complaint until October 2, 2017. (*See* Ex. C.) There have been no further proceedings in this action in the Supreme Court of the State of New York, Orange County.

4.  As set forth below, this putative class action is properly removable to federal court under the Class Action Fairness Act ("CAFA") because the parties are minimally diverse and the aggregate amount in controversy for the putative class exceeds $5 million.

## REMOVAL IS PROPER UNDER CAFA

5.  The Court has subject-matter jurisdiction pursuant to CAFA, 28 U.S.C. §§ 1332(d) and 1453. As the Supreme Court has stated, "CAFA's primary objective [is to ensure] '[f]ederal court consideration of interstate cases of national importance.'" *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) (citation omitted). CAFA jurisdiction exists where the claim is a putative class action, the parties are minimally diverse, and the amount in controversy exceeds $5 million, exclusive of costs and interest. 28 U.S.C. § 1332(d)(2). Each of these requirements is satisfied here.

**A.   This Case Is a Putative Class Action**

6.  Plaintiffs invoke N.Y. CPLR 901 and seek to certify several subclasses of persons who have lived or owned property in Newburgh, New York, that were allegedly affected by

3

chemicals released from the Airport. Plaintiffs specifically allege that there are "thousands" of members of the putative class. (*See* Ex. A, ¶¶ 371-372.)

7.      Accordingly, this case is a "class action" within the meaning of CAFA because it is brought pursuant to a "[s]tate statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

**B.     The Diversity Requirement Is Satisfied**

8.      CAFA's minimal diversity requirement is satisfied where any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

9.      Here, Plaintiffs allege that they are "residents" – and, thus, citizens – "of the State of New York." (Ex. A, ¶7.) For purposes of diversity jurisdiction, an individual is a citizen of the state where he or she is domiciled, which is determined based on "physical presence and intent to remain in that place indefinitely." *Dukes ex rel. Dukes v. N.Y. City Employees' Ret. Sys., & Bd. of Trustees*, 581 F. App'x 81, 82 (2d Cir. 2014); *accord Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998).

10.     Defendant Tyco is not a citizen of New York State. Rather, Tyco is a limited partnership formed in the state of Delaware. As a limited partnership, Tyco has the citizenship "of each of its general and limited partners." *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000). Tyco's partners are Central Sprinkler LLC and Fire Products GP Holding LLC. These limited liability companies "ha[ve] the citizenship of [their] membership," *id.*, which is as follows:

   a.   Fire Products GP Holding, LLC is wholly owned by its single member, Central Sprinkler LLC.

b.  Central Sprinkler LLC is wholly owned by its single member, Tyco International Management Company, LLC.

c.  Tyco International Management Company, LLC is wholly owned by its single member, Tyco Fire & Security US Holdings LLC.

d.  Tyco Fire & Security US Holdings LLC is wholly owned by its single member, Tyco Fire & Security (US) Management, Inc. A corporation's citizenship is determined by its state of incorporation and principal place of business. *See* 28 U.S.C. §1332(c)(1). Tyco Fire & Security (US) Management, Inc. is incorporated in Nevada, and its principal place of business is in New Jersey.

11.  Accordingly, Plaintiffs are diverse from at least one defendant, satisfying the CAFA diversity requirement.

**C.  The Amount in Controversy Requirement Is Satisfied**

12.  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC. v. Owens*, 135 S. Ct. 547, 554 (2014). "A notice of removal need only 'contain[ ] a short and plain statement of the grounds for removal,'" and thus a defendant need not provide proof of the amount in controversy requirement unless its "'assertion of the amount in controversy is challenged.'" *Egleston v. The Valspar Corp.*, 2015 WL 6508329, at *4 (S.D.N.Y. Oct. 13, 2015) (quoting *Dart*, 135 S. Ct. at 553). "[T]he claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

13.  Here, 59 named plaintiffs purport to seek recovery on behalf of themselves and "thousands" of class members for alleged personal injuries, medical monitoring, diminution in

5

value of property, costs of property remediation and repair, and punitive damages. (*See* Ex. A, ¶¶ 41, 54-65, 66-80, 367, 371-372, 476-501). It is readily apparent from the face of the Complaint, the scope of Plaintiffs' claims, and the breadth of damages asserted that Plaintiffs seek more than $5 million in the aggregate. In comparable circumstances, one court concluded that "it is hard to see how the amount-in-controversy does not exceed $5 million" where the plaintiffs, on behalf of "thousands" of putative class members, alleged that exposure of their confidential personal and medical information had made them vulnerable to identity theft. *Abdale v. N. Shore-Long Island Jewish Health Sys.*, 2014 WL 2945741, at *6 (E.D.N.Y. June 30, 2014) (denying motion to remand).

14.     Accordingly, the amount-in-controversy requirement is satisfied.[1]

**D.     All Procedural Requirements for Removal Are Satisfied**

15.     Tyco was served with the Summons and Complaint in this action on August 24, 2017. (*See* Ex. B.) Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed.

16.     The New York Supreme Court, Orange County, is located within the Southern District of New York. *See* 28 U.S.C. § 1441(a).

17.     The requirements that no Defendant properly joined and served are a citizen of the State in which this action was brought and that all Defendants consent to removal do not apply with regard to removals effected under CAFA. *See* 28 U.S.C. § 1453(b).

---

[1] Tyco notes that the inquiry at this stage concerns only the amount of damages *requested* by the Plaintiffs. Tyco need not, and does not, concede that Plaintiffs are entitled to recover any damages. *See Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 945 (8th Cir. 2012) (stating in CAFA case that "[t]he removing party need not confess liability in order to show that the controversy exceeds the threshold") (internal quotation marks omitted).

18. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders and other documents served upon Defendants are attached hereto. (*See* Ex. A).

19. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy is being filed with the Clerk of the New York Supreme Court, Orange County.

20. Tyco reserves the right to amend or supplement this Notice of Removal.

21. If any other question arises as to the propriety of the removal of this action, Tyco requests the opportunity to present a brief and request oral argument in support of removal.

WHEREFORE, Tyco hereby removes this action from the New York Supreme Court, Orange County, bearing Index Number EF006358-2017, to this Court.

Dated this 19th day of September, 2017.

Respectfully submitted,

/s/ *Douglas E. Fleming, III*
Douglas E. Fleming, III, Esq.
David Weinraub, Esq.
**QUINN EMANUEL URQUHART &
  SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
douglasfleming@quinnemanuel.com
davidweinraub@quinnemanuel.com

*Attorneys for Defendant Tyco Fire Products, L.P.*

## CERTIFICATE OF SERVICE

This is to certify that on this 19th day of September, 2017, I caused a true and correct copy of the foregoing **NOTICE OF REMOVAL,** with its Exhibits, to be served on counsel of record by FedEx:

Paul J. Napoli, Esq.
Patrick J. Lanciotti, Esq.
Tate J. Kunkle, Esq.
**NAPOLI SHKOLNIK PLLC**
360 Lexington Avenue, 11th Floor
New York, NY 10017
Telephone:  (212) 397-1000
pnapoli@napolilaw.com
planciotti@napolilaw.com
tkunkle@napolilaw.com

*Attorneys for Plaintiffs*

Beth A. Landes, Esq.
William A. Brewer III, Esq.
Stephanie L. Gase, Esq.
**BREWER, ATTORNEYS & COUNSELORS**
750 Lexington Avenue, Fl. 14
New York, NY 10022
Telephone:  (212) 489-1400
Facsimile:  (212) 751-2849
bal@brewerattorneys.com
wab@brewerattorneys.com
szg@brewerattorneys.com

*Attorneys for Defendant 3M Company*

Kathleen Gill Miller, Esq.
Nicholas Mino, Esq.
**THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY**
4 World Trade Center
150 Greenwich Street, 23rd Floor
New York, NY 10007
kmiller@panynj.gov
nmino@panynj.gov

*Attorneys for the Port Authority of New York and New Jersey*